## John A. Pratt and another *vs.* Edward R. Campbell and others.

1840.
First Circuit.

Pratt
*vs.*
Campbell.

Where the Bank of Windsor had recovered a judgment against T. E., for $59,000, and C. & E., assuming to act as the agents and attorneys of the bank, effected a compromise with T. E., to pay $20,000, and T. E. assigned and delivered over to C. & E., as agents and attorneys, property and securities to that amount, and the bank afterwards denied the authority of C. & E. to make the compromise, and T. E. afterwards assigned the property and securities to P. & R., and C. & E. refused to re-deliver the property and securities so assigned, and were proceeding to collect and dispose of the same; upon bill filed by P. & R., an injunction was granted to restrain the collection and disposition of the property and securities so assigned, and the chancellor refused to dissolve injunction, on motion to dissolve for want of equity in the bill.

December 1.

Motion to dissolve injunction, for want of equity.

The bill states, that in December, 1838, Thomas Emerson was largely indebted to the Bank of Windsor, and a judgment had been recovered against him, by the bank, to the amount of $59,000, upon which the latter threatened to issue a *ca. sa.;* that E. R. Campbell and Rufus Emerson proposed a compromise, in the name of the bank; that they represented themselves as the agents and attorneys of the bank, with full power to bind their principal; during the negotiation they conferred repeatedly with the officers of the bank, and Thomas Emerson refused to treat with them in any other capacity; on this understanding a compromise was made; that previously to this, the bank had commenced various trustee or attachment suits against the property and credits of Thomas Emerson, in the states of Ohio, Indiana and Michigan; that by the terms of the compromise, Thomas Emerson was to pay $20,000, in approved securities, in payment and satisfaction of the bank's claim against him; these securities were to be assigned to E. R. Campbell and Rufus Emerson, and as collateral security for the payment of the assigned securities, other obligations were to be transferred to said Campbell and Emerson; that Royal H. Waller, as agent and attorney of all the parties, was to be sent to Michigan to change and secure the obligations which had been assigned by T. Emerson, in payment and satisfaction of the bank's

claim against him, and which were principally due and owing from residents of this state; that the bank authorized him to act for them in the premises, and by virtue of their power of attorney, he discontinued the attachment suits, changed the form of the securities assigned in payment, took some notes payable to Campbell and Emerson, and took, also, an assignment to them of some bonds and mortgages; after doing this, he returned to Vermont. The bank professed to be dissatisfied, and demanded and received additional securities as collateral to those assigned in payment of T. Emerson's debt, and which had been thus changed by said R. H. Waller; that after this, the bank, for the first time, repudiated the contract, denied the right of E. R. Campbell and Rufus Emerson to bind them in the premises, and, without proffering a return of the securities, proceeded on their judgment against said Thomas Emerson, and issued execution thereon; that at the same time, Campbell and Emerson took similar ground, and claimed all the above securities as their own individual property; that this claim was founded principally on the alterations of the articles, made by them fraudently, after the first execution thereof; that after the perpetration of these alledged frauds, and the entire failure of the contract between Thomas Emerson and the bank, he assigned all the securities and all his claim against the bank and said Campbell and Emerson, to the complainants, who had incurred heavy responsibilities for his benefit. The complainants aver the utter insolvency of Edward R. Campbell and Rufus Emerson; they aver that the notes, bonds, &c., are now in Detroit, and some of them in process of collection, and pray that said Campbell and Emerson may be compelled to deliver them to the complainants; that the attorneys who hold them may be restrained from giving them back to Campbell and Emerson, and from paying moneys already collected to the latter; that no more suits may be brought in behalf of Campbell and Emerson, and that the several debtors may be decreed to pay and account to the complainants; and may be enjoined from paying Campbell and Emerson.

No injunction is asked to restrain the proceedings at law, already commenced.

First Circuit.  Injunction granted.

Pratt
*vs*
Campbell.

The defendants move to dissolve the injunction, for want of equity in the bill.

D. Goodwin, in support of the motion.

1. The whole case is based on the assignment from Thomas Emerson to Emerson and Campbell, which is attempted to be varied as to its legal effect, by parol. 1 *Peters' R.*, 1; 4 *B. & C.*, 513.

This cannot be done. It was executed with a full knowledge of the facts, and deliberately. Emerson intended to execute just such an instrument *at the time of its execution,* and the previous conversations and negotiations cannot be resorted to to control it; they are merged in it. 10 *Eng. com. law Rep.*, 393; *Selwin N. P.*, 107.

As to the insolvency, it is alledged to have existed at the time.

2. Upon the ground assumed by the complainants, there is no consideration for the agreement. Emerson owed the whole debt, and was *bound legally to suffer judgment and pay it ;* and judgment being rendered, *to pay the whole amount.* If a false plea were interposed for delay, the court, if such were known to them to be the fact, would strike it out without ceremony, and the agreement to receive a less sum than the amount due, would be no satisfaction or discharge, even if the lesser sum were paid, and the damages upon such a covenant would be merely nominal. *Chitty on Con.*, 277; 17 *Johns. R.*, 169; 5 *East. R.*, 252; 4 *B. & C.*, 513; 1 *Ib.*, 426.

3. Thomas Emerson makes no complaint as to the assignment or the present disposition of the bonds, &c. It is not competent for his assignee to do so, of his own motion; on the contrary, there appears an after consent on the part of Emerson.

T. Romeyn, contra.

The Chancellor. The facts presented in this case, are sufficient to retain the injunction, and entitle the complainants to an answer.

After Campbell and Rufus Emerson had obtained an assignment and the possession of the property of Thomas Emerson, by assuming to act as the authorized agents and attorneys of the Bank of Windsor, the bank refused to perform the conditions on which the assignment was made, and denied the authority of Campbell and Emerson to act as the agents of the bank in the premises, and both the bank and Campbell and Emerson, who assumed to act as the agents of the bank, now refuse to return the property, and are proceeding to collect the demands, and use the property assigned by Thomas Emerson.

It also appears, that subsequent to the disavowal of the authority of Campbell and Emerson by the bank, to act as its agents in the premises, and denial of their authority to make the compromise, Thomas Emerson has assigned the property and demands to the complainants, who claim to be the legal and bona fide owners of the same.

The facts presented by the bill, are sufficient to authorize the retaining of the injunction, and the motion to dissolve must be denied.

Motion denied.